IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANICE KAYE RUSSELL,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 22-cv-29-DES |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
|    **Defendant.** | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Janice Kaye Russell ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I. Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4). This process requires the Commissioner to consider:

(1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084. If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

**II.     Claimant's Background and Procedural History**

On January 30, 2019, Claimant applied for disability insurance benefits under Title II of the Act. (R. 30, 198-99). Claimant alleges she has been unable to work since March 31, 2018, due to mid and lower back pain, bilateral hip pain, bilateral knee pain, high cholesterol, and diabetes. (R. 198, 223-24). Claimant was 65 years old on the date of the ALJ's decision. (R. 45, 54). She has a high school education and past work as an office clerk, veterans' claims representative, dietary aide, and assembler. (R. 44, 85-86).

Claimant's claim for benefits was denied initially and on reconsideration, and she requested a hearing. (R. 91-114, 134-35). ALJ Laura Roberts conducted an administrative hearing and issued a decision on March 1, 2021, finding Claimant not disabled. (R. 30-45, 52-90). The Appeals Council denied review on November 23, 2021 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. § 404.981. Claimant filed this appeal on January 27, 2022. (Docket No. 2).

**III.    The ALJ's Decision**

The ALJ found at step one that Claimant had not engaged in substantial gainful activity since the alleged onset date of March 31, 2018. (R. 33). At step two, the ALJ found Claimant had the severe impairments of osteoarthritis of the bilateral knees, lumbar degenerative disc disease, diabetes mellitus type 2, obesity, and sciatica. (R. 33). Additionally, the ALJ found Claimant had the non-severe impairments of depression, anxiety, bilateral hip pain, and high cholesterol. (R. 33-36). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 36-38).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> The claimant should not climb ropes, ladders, or scaffolds; crouch; or crawl. She occasionally is able to stoop; kneel; climb ramps and stairs; and balance on uneven, moving, or narrow surfaces. She should not do work involving any exposure to hot temperatures (over 90 degrees), excessive humidity (over 80%), unprotected heights, or dangerous moving machinery.

(R. 38). The ALJ provided a summary of the evidence that went into this finding. (R. 38-44).

At step four, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Claimant could return to her past relevant work as an office clerk and veterans' claims representative as actually and generally performed, and as an assembler as generally performed. (R. 44). Accordingly, the ALJ concluded Claimant was not disabled. (R. 45).

## IV.   Issues Presented

Claimant asserts the following errors in her challenge to the Commissioner's denial of benefits: (i) the Appeals Council erred in refusing to admit additional evidence submitted for review (Docket No. 12 at 5-6); (ii) the ALJ failed to consider all of claimant's impairments at step two of the sequential analysis (*Id.* at 7-9); and (iii) the ALJ failed to account for all of Claimant's impairments and limitations in the RFC (Docket No. 12 at 10-11). The Court finds any error the ALJ may have made at step two regarding her physical impairments is harmless, but agrees the ALJ failed to properly account for Claimant's non-severe mental impairments in the RFC assessment.

## V.   Analysis

### A.   Any Failure to Consider the Severity of all of Claimant's Impairments was Harmless Error at Step Two

Claimant contends the ALJ failed to consider her diagnosed peripheral neuropathy, thoracic spondylosis, and fatigue at step two of the sequential evaluation. (Docket No. 12 at 7-9).

The ALJ considers the "medical severity" of a claimant's impairments at step two of the sequential evaluation. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it significantly

limits a claimant's ability to perform work activities. 20 C.F.R. § 404.1520(c). A claimant who does not have a severe medically determinable impairment, or a combination of impairments that is severe, is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). Claimant's burden at step two is a *de minimis* showing of impairment, but the Claimant must demonstrate "more than the mere presence of a condition or ailment." *Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir. 1997).

In her written decision at step two, the ALJ identified several non-severe impairments including depression, anxiety, bilateral hip pain, and high cholesterol. (R. 33). Although the ALJ did not mention or make any findings regarding the severity of Claimant's peripheral neuropathy, thoracic spondylosis, or fatigue at step two, Claimant has not demonstrated a reversible error at this step. Since the ALJ found Claimant had at least one severe impairment and proceeded to the subsequent steps of her analysis, any failure in identifying additional medically determinable impairments at step two does not constitute reversible error. *See Allman v. Colvin,* 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."); *Carpenter v. Astrue,* 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [the Claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

Furthermore, "a failure to find an impairment medically determinable," if in error, is "obviated if the ALJ considered the non-medically determinable impairment in assessing the RFC." *Ray v. Colvin,* 657 F. App'x 733, 734 (10th Cir. 2016) (unpublished). As explained below, the ALJ accounted for Claimant's peripheral neuropathy, thoracic spondylosis, and fatigue in the RFC assessment.

**B.  ALJ Accounted for Claimant's Physical Impairments, but Failed to Account for Claimant's Non-severe Mental Impairments in Assessing the RFC**

The rationale for applying harmless error at step two is that the ALJ is required to consider the functional impact of all a claimant's medically determinable impairments, including non-severe impairments, when assessing the RFC later in the sequential analysis. In other words, if the RFC subsequently accounts for the functional limitations resulting from the previously omitted impairment, then the step two omission would not affect the outcome of the ALJ's decision because the RFC would not change. *See Grotendorst v. Astrue,* 370 F. App'x 879, 883 (10th Cir. 2010) (explaining that a step two error is "usually harmless" if the ALJ "finds another impairment is severe and proceeds to the remaining steps of the evaluation . . . because *all* medically determinable impairments, severe or not, must be taken into account at those later steps"). Therefore, Claimant further contends the ALJ's failure to consider her peripheral neuropathy, thoracic spondylosis, and fatigue at step two impaired her analysis at subsequent steps of the sequential evaluation. Specifically, Claimant argues the ALJ failed to consider all her impairments in combination when assessing the RFC and, in turn, failed to present a hypothetical question to the VE that included all her limitations.

A claimant's RFC is her "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*" *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are 'not severe' . . . when we assess [a claimant's] residual functional capacity."). Additionally, the ALJ must "include a

narrative discussion describing how the evidence supports each conclusion" as to the claimant's wok-related limitations. SSR 96-8p at *7. The ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

As set forth above, the ALJ did not include peripheral neuropathy, thoracic spondylosis, or fatigue among Claimant's medically determinable impairments at step two. (R. 33-36). Nonetheless, the ALJ thoroughly discussed Plaintiff's hearing testimony and function reports, as well as the findings of her treating, consultative, and reviewing physicians regarding Claimant's leg and feet numbness and tingling, back pain, and fatigue in the RFC discussion. (R. 38-44). In discussing the opinion evidence, the ALJ found partially persuasive the state agency physicians' opinion that Claimant could perform light work, and specifically explained she included additional postural and environmental limitations in light of Claimant's back pain, neuropathy, and subjective symptoms.[1] Moreover, the state agency physicians specifically considered Claimant's mid-back pain, fatigue, and loss of sensation when reaching their conclusions. (R. 92, 94-95, 97, 102, 107, 110-11). Thus, the ALJ considered all the evidence related to Claimant's peripheral neuropathy, thoracic spondylosis, and fatigue, and explained how such evidence supported the RFC assessment. *See Barnett v. Apfel,* 231 F.3d 687, 689 (10th Cir. 2000) ("The ALJ is charged with carefully considering all the relevant evidence and linking his findings to specific evidence."). Notably, Claimant fails to point to any evidence other than her own assertions to support the additional physical limitations she claims.

---

[1] "The undersigned finds [the opinions of the state agency physicians] persuasive and agrees that a review of the medical record supports limiting the claimant to work activity at the light exertion level. However, the undersigned finds that a review of the complete, longitudinal medical record supports additional postural and environmental limitations. The [state agency physicians] did not have the opportunity to review the complete medical record. . . . A review of the complete record indicates that the claimant was treated for low back pain. She was also found to have neuropathy. (Exhibit 8F, p. 5). The claimant reported difficulty handling hot weather. (Exhibit 5E, p. 4)." (R. 43).

Regarding the Claimant's non-severe mental impairments, however, the ALJ simply noted Claimant's medications included "Zoloft (medication to treat depression and anxiety)," and adopted the state agency psychologists' opinion that Claimant's mental impairments were non-severe.  (R. 40, 43).  Despite finding Claimant's depression and anxiety were medically determinable non-severe impairment at step two, the ALJ did not mention or consider the effects of these mental impairments whatsoever in her RFC analysis.  Rather, the ALJ's RFC discussion focused exclusively on the impact of Claimant's physical impairments on her ability to work. Thus, the Court agrees the ALJ inadequately considered Claimant's non-severe mental impairments in the RFC assessment.  A clear and specific analysis of what, if any, impact Claimant's non-severe mental impairments had on the RFC was particularly important in this case, because there is no consultative mental status examination in the record, and the VE testified that an individual who was off-task more than 15% of the work day, absent from an unskilled job more than one day per month, or required unscheduled breaks outside the regular work schedule could not maintain competitive work.  (R. 88-89).

Moreover, the omission of a discussion regarding Claimant's non-severe mental impairments demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p.  For instance, the ALJ did not explain, what, if any work-related limitations resulted from Claimant's non-severe depression and anxiety.  Additionally, the ALJ omitted skill level, task, instruction, and social limitations from the RFC determination without explaining why Claimant's non-severe depression and anxiety did not impose any limitations.  Absent a discussion of how Claimant's non-severe mental impairments were accounted for in the RFC assessment, or an explanation why such

impairments did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

## VI. Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 18th day of September, 2023.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE